# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, D.J. SMITH**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**JEREMY J. BUSHNELL**
**BOATSWAIN'S MATE SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400364**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 10 July 2014.
**Military Judge:** CDR J.A. Maksym, JAGC, USN.
**Convening Authority:** Commanding Officer, USS LASSEN (DDG 82).
**Staff Judge Advocate's Recommendation:** LTJG J.L. Root, JAGC, USN.
**For Appellant:** LCDR Dillon Ambrose, JAGC, USN.
**For Appellee:** CAPT Dale Harris, JAGC, USN; Capt C. Carver, USMC.

**9 April 2015**

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of violating a lawful general order prohibiting sexual harassment, two specifications of making a false official statement, and intentionally exposing his genitalia in an indecent manner, in

violation of Articles 92, 107, and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, and 920c. The adjudged sentence included reduction to pay grade E-1, confinement for eleven months and twenty-eight days, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to the terms of the pretrial agreement, suspended all confinement in excess of nine months.

On appeal, the appellant alleges that his sentence is inappropriately severe.[1] After carefully examining the record of trial, as well as the submissions of the parties, we are convinced that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

On the evening of 9 July 2013, the appellant was standing bridge watch aboard the USS LASSEN (DDG 82) and Boatswain's Mate Seaman (BMSN) AS was standing watch as the aft lookout. The appellant was directed to check on the aft lookout because the ship was heading into a storm. When he checked on her, BMSN AS asked the appellant to get her some food and the appellant responded that he would do so if she would do something for him. The appellant then walked over to BMSN AS, unzipped his coveralls and exposed his penis to her in hopes of receiving oral sex. BMSN AS declined the appellant's sexual advance. During an investigation of the appellant's misconduct, the appellant twice lied to Naval Criminal Investigative Service agents about the incident and falsely told members of the crew that BMSN AS was lying about the entire incident.

**Sentence Severity**

In his sole assignment of error, the appellant alleges that his sentence was inappropriately severe. We disagree.

The case law governing this area is beyond cavil. It is well and firmly settled that this Court reviews sentence appropriateness claims *de novo*. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005). And it "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and

---

[1] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. The appropriateness of the sentence must be judged by an "'individualized consideration'" of an appellant, "'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy,* 27 C.M.R. 176, 180-81 (C.M.A. 1959)). The punishment should fit both the offender and the crime. *United States v. Mack*, 9 M.J. 300, 317 (C.M.A. 1980). The sentence should not be more severe than that "warranted by the offense, the circumstances surrounding the offense, [the accused's] acceptance or lack of acceptance of responsibility for his offense, and his prior record." *United States v. Aurich*, 31 M.J. 95, 97 (C.M.A. 1990).

If a sentence is unjustifiably severe, this court may not approve it. *See United States v. Lanford*, 20 C.M.R. 87, 92-95 (C.M.A. 1955). A military Court of Criminal Appeals (CCA) should not affirm even an unsuspended punitive discharge if it is not appropriate. *United States v. Healy*, 26 M.J. 394, 396 n.5 (C.M.A. 1988). Indeed, CCAs have broad discretion to grant relief under Article 66(c).

As indicated above, the record is clear that the appellant sexually harassed a junior Sailor aboard ship while underway, during a storm, and while the junior Sailor victim was directly under his charge. During the course of his sexual advance, the appellant exposed his penis to BMSN AS for 20 seconds. When later questioned by NCIS regarding these acts, the appellant twice lied and blamed the victim for his criminal actions.

Additionally, the record reveals that the military trial judge accurately and thoughtfully considered an appropriate sentence before announcing appellant's punishment. Indeed, he made special findings before announcing his sentence that underscore the gravity of the appellant's conduct.[2] In sum, the military judge demonstrated that he understood the severity of the offenses to which appellant pled guilty and appropriately considered all relevant circumstances inherent in this case before issuing his sentence.

In light of the appellant's actions, the totality of the record, and the governing case law, we are completely convinced that his sentence is appropriate for his offenses.

---

[2] Record at 108-09.

## Conclusion

Both the findings and the sentence as approved by the CA are affirmed.

For the Court


R.H. TROIDL
Clerk of Court